FILED

Name: Feridoon Aslani

Address: 1128 10th ST number 11

Santa Monica CA 90403

Phone: 310-899-3979

Fax: _____

In Pro Per

2021 AUG -9 AM 10: 36

CLERK U S DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY: _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Feridoon Aslani 1128 10th ST number 11 Santa Monica CA 90403 | CASE NUMBER: |
| Plaintiff | EDCV21 - 1333 - ODW-ADS |
| v. San Bernardino County/Deputy Ian Gosswiller /James Sergeant Lisner 655 E 3rd St, San Bernardino, CA 92415 | TITLE OF PLEADING |
| Defendant(s). | |

COME NOW, PLAINTIFF FERIDOON ASLANI, ALLEGE AS FOLLOWS:

I
### JURISDICTION

1. This civil action is brought for the redress alleged deprivations of constitutional rights as protected by on 42 U.S.C. & 1983, 1985, 1986, and the Forth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. & 1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

II.
### VENUE

2. Venue is proper in the Central District of California. The False arrest (440) occurred in the County of San Bernardino. On information and belief, the plaintiff alleges that defendants reside within the and belief, the plaintiff alleges that defendants reside within the jurisdictional limited to

to this court.

### III.
### PARTIES

3. Plaintiff is individual who at all times resided in the state of California, County of San Bernardino.

4. Plaintiff Feridoon Aslani is suing for violation of his civil right under 42 U.S.C 1983.

5. At all time mentioned herein, defendants, and each of them, were and now are residents of County of Sant Bernardino, state of California.

6. At all times mentioned herein, defendant, County OF SAN BERNARDINO (hereinafter referred to as "County) is and at all times mentioned herein, was a duly organized public entity, from unknown, and existence under the law of the State of California.

7. Plaintiff is informed and believe, and upon such information and belief alleges that Defendant Deputy Ian Gosswiller, is, and at all times herein mentioned was an individual residing in the County of San Bernardino, State of California, and that at all times relevant to this Complain is, and was, a duly appointed and acting as an officer of the San Bernardino County, acting under color of law, to wit, under color of the United State, ordinances, regulations, policies, customs and usages of the City Big Bear and/or State of California.

8. Plaintiff is informed and believe, and upon such information and belief alleges that Defendant Sergeant Lisner, is, and at all times herein mentioned was an individual residing in the County of San Bernardino, State of California, and that at all times relevant to this Complain is, and was, a duly appointed and acting as an officer of the San Bernardino County Sheriff Department, acting under color of law, to wit, under color of the United State, ordinances, regulations, policies, customs and usages of the City Big Bear and/or State of California.

9. Defendant, SAN BERNARDINO COUNTY, is and at all times herein mentioned was, a municipality organized and existing under the law of the State of California with its principal place of business in County of San Bernardino, State of California.

10. Plaintiff is informed and believe, and upon such information and belief, alleges that each of the Defendants was and is the agent and/or employee of the remaining Defendant, and each of said Defendants was at all times acting within the purpose and scope of said agency and/or employment.

11. The true names and capacities of Defendants sued herein as DOES through 10, inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of these fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of the Defendants sued herein as DOES 1 through 10, inclusive, are responsible income manner for the damages alleged.

12. At all times mentioned herein, all defendants, named and unnamed, were and now are duly appointed officers and/or employees or agents of County, subject to oversight and supervision by San Bernardino County Sheriff's Department's elected and non-elected officials.

13. At all times mentioned herein, each and every defendant was the again of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

14. In doing the act and failing and omitting to act as hereinafter described, defendants, and each of them, were acting on the implied and actual permission and consent of San Bernardino County Sheriff's department.

IV.
FACTS COMMON TO ALL COUNTS/CAUSES
OF ACTION

15. Plaintiff re-alleges and incorporates by reference all factual contents of paragraphs 1 though 14.

16. On or about 08/ 13/2019, with booking number 1908060035, at or near 390 West Cinderella Dr Big Bear City CA 92314, defendants Deputy Ian Gosswiller and Sergeant Lisner and DOES 6 TO 10, and each of them, unlawfully detained and arrested, plaintiff Feridoon Aslani,

inviolation of his civil rights under the Fourth and Fourteenth Amendments to the United States, Constitution.

17. Defendants, without probable cause or reasonable suspicion, arrested Feridoon Aslani.

18. Plaintiff is informed and believes that County employees, Deputy Ian Gosswiller AND Sergeant Lisner and DOES 6 to 10, inclusive, without probable cause, reasonable suspicion, inaccurate or a warrant, arrested the plaintiff, Feridoon Aslani.

19. Feridoon Aslani met the 911 caller, Noir Rich in UCLA in September 2017 and after few weeks that they dated, Aslani invited Noir Rich to his house at 390 West Cinderella DR Big Bear City CA 92314. Noir Rich decided to stay for few more weeks. After few weeks, Aslani realized that Rich has mental problems. One of her symptoms is that she is not in touch with reality and as a result, she calls 911 for non-emergency reasons. For example, if Aslani didn't buy a pizza that she wanted, she called 911 and police officers came to the house and took report. All of these calls have been documented. During the police officers visits to the house, Aslani noticed that San Bernardino County Sheriff's Department is traditionally corrupt because each officer handle the situation not by common law but by taking the law in to their on hands. Most of them said, "If we come next time, one of you has to go to jail." That gave Rich an idea that she can simply abuse the system to get what Rich wanted. On the night of Aslani arrest, Aslani arrived home with left over food from his lunch. As Aslani sat to eat his food in the living room and in front of TV, Noir Rich who is in a very bad mode because Feridoon Aslani was gone for few days and Rich was thinking that Aslani was with other woman, orders Aslani to go outside and eat his food there because the food smelled bad to her. Aslani asked her to leave him alone and continue eating his food. Five minutes later Deputy Ian Gosswiller knocked on the door and Aslani opened the door. Ian Gosswiller asked Aslani who called. Aslani explained that maybe Noir Rich called and explained that she has mental problems and she was in the bedroom. Later Sergeant Lisner arrived and together with Ian Gosswiller arrested Feridoon Aslani. After they handcuff Feridoon Aslani, Sergeant Lisner told Aslani, "now for sure you are going to get her eviction. Aslani believes that since San Bernardino County Sheriff's department is traditionally corrupt, Ian Gosswiller and specially Sergeant Lisner took the law in their own hands and arrested Feridoon Aslani to stop Noir's calls. There will be many evidences and witness that

Aslani gather since his arrest, that will be presented to the court. Ian
Gosswillere specially Sergeant Lisner who knew about Noir Rich's 911
calls, took the law in their hands by not doing the right investigating.
Since San Bernardino Sheriff's department is corrupt and all of the officers
know or feel it, they can do what ever they want to do. When Ian
Gosswiller was questioning Aslani before the arrest, Aslani was wondering
why Ian Gosswiller was asking Aslani questions that sounded like if Ian
Gosswiller was trying to frame Aslani and never asked Aslani if Aslani
hurt Rich. After Ian Gosswiller arrested Aslani, Ian Gosswiller told Aslani
that Rich TOLD Ian Gosswiller that Aslani punched her on her chest.
Gosswiller didn't say that you punched her. When Aslani was in the back
of the police car and Aslani asked to see a supervisor, Sergeant Lisner told
Aslani that he was the supervisor. During the time when Aslani was
booked in Big Bear Station, and Gosswiller was doing his false report,
Gosswiller asked Aslani if Aslani punched Rich hard or soft. This tells
Aslani that Gosswiller didn't do his investigation right. Although Rich's
911 call did offered Gosswiller reasonable suspicion to come to my house
but it did not granted Gosswiller any probable cause to arrest Aslani.
Since there was no evidence of any violence and Rich had mental
problems who can not be a good source of tip for police Ian Gosswillere
and Sergeant Lisner violated Aslani civil rights.

20. Plaintiff is informed and believe that defendant, Deputy Ian
Gosswiller and Sergeant Lisner and does 6 to 10, ignored Plaintiff's
explanation. These actions and inactions by defendants shock the
conscience and demonstrate a deliberate indifference and conscious
disregard for the plaintiff's life, liberty, and well-being.

21. The arrest of the plaintiff was done by the involved officers under
color of authority without justification.

22. The defendant's action were objectively unreasonable under the
circumstances and done in bad faith to intentionally harm plaintiff and
conscious discard of the plaintiff's rights and with indifference to his
health and well- being. All these takes place because San Bernardino
county Sheriff's Department is traditionally corrupt. As a result each
Deputies takes the law in their own hands.

23. As a direct result of San Bernardino county Sheriff's department
being corrupt, the defendants took the law in his hands and used their
power to arrest Plaintiff Feridoon Aslani.

## FIRST CAUSE OF ACTION DEPRIVATION OF CIVIL RIGHTS
## FOURTH AMENDMENT VIOLATION OF RIGHTS AGAINST
UNREASONABLE SEARCH AND ARREST
(42 U.S.C. 1983)
(AGAINST DEFENDANTS Deputy Ian Gosswiller
Sergeant Lisner, AND DOES 6 TO 10, INCLUSIVE)

24. Plaintiff's re-alleges and incorporates by reference all factual contents of paragraphs 1 through 25 and incorporates them herein as though set forth at length in their entirely.

25. This action arises under the United States Constitution particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights ACT, 42 of the United States Code, 1983.

26. This court has jurisdiction of this cause under the provisions of Title 28 of the United States Code 1331 and 1343.

27. In doing the acts alleged in this complaint, defendants Deputy Ian Gosswiller Sergeant Lisner, and DOES 6 to 10, inclusive acted under the color of authority and pretense of the statues, ordinances, regulation, customs, and usages of defendant County of SAN BERNARDINO and the State of California and under the authority of their respective offices and police officers for the county of San Bernardino.

28. On or about 08/13/2019, the defendants initiated contact with plaintiff Feridoon Aslani. Plaintiff didn't resist, nor did he present ang danger to the officers or anyone else, yet Deputy Ian Gosswiller Sergeant Lisner handcuff him, and unlawfully arrested him. All without probable cause, constituting an unreasonable search and seizure.

29. Plaintiff denies that he had committed any crime. The plaintiff suffers physical, mental, and emotional injuries as a result of the false arrest by the involved deputies from corrupt San Bernardino County Sheriff's Department against plaintiff.

30. As the San Bernardino County Sheriff's Department is traditional corrupt, allows most of its officers to take law in their in hands and, specially, defendants as described above deprived the plaintiff of his right

to be secure in their person against unreasonable arrest as guaranteed to
him under the Fourth Amendment to the United States Constitution.

31. During the course of this detention and arrest, defendant conspires
to and in fact did deprive the plaintiff of his rights guaranteed by the
Fourth Amendment to the U.S. Constitutions.

32. As proximate result of the conduct of defendants, and each of them,
asset forth, the plaintiff was deprived of his constitution right

33. The conduct of defendants was willful, wanton, malicious, and one
with an evil motive and intent and a reckless disregard for the right and
safety of the plaintiff, and therefore warrants the imposition of exemplary
and punitive damages as to defendants Deputies and DOES 6 13 to 10,
inclusive, but not to any public entities.

34. By reason of the aforementioned acts of defendants and each of
them, plaintiff was required to and did retain an attorney to institute and
prosecute the within action, and to render legal assistance to plaintiff, so
that he might vindicate the losses and impairments of his constitutional
rights; and by reason thereof, plaintiff requests payment by defendants of a
reasonable sum as attorney's fees pursuant of Title 42 U.S.C. 1988.

## VI.

### SECOND CAUSE OF ACTION
MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS
AND PRACTICES THAT RESULTED IN CONSTITUTIONAL
DEPRIVATION
(AGAINST DEFENDANTS COUNTY OF SAN BERNARDINO,

35.  Plaintiff re-alleges and incorporates by reference all factual
contents of paragraphs 1 through 36 and incorporates them herein as
though set forth at length in their entirety.

36.  On and for some time prior to August, 13, 2019, defendants San
Bernardino county and does 1 through 4, deprive plaintiff, Feridoon
Aslani, of the rights and liberties secured to him by the Fourth and
Fourteenth Amendments to the United States Constitution, in that said
defendants and their supervising and managerial employees, agents, and

representatives, acting with gross negligence and with reckless and "deliberate indifference" to the right and liberties of the public in general, and of the plaintiff and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized County custom, policy, and practice of arresting without probable cause.

(a) Employing and retaining as deputy sheriffs and other person, defendants County, and DOES 6 to 10, inclusive, who defendant County all times material herein know or reasonably should have known had dangerous propensities for abusing their authority and for mistreating suspects an custody by failing to follow written County police Department policies, thereby subjecting civilian such as Feridoon Aslani to cruel and unusual punishment, in violation of the of the Constitution of the United States of America.

(b) Of inadequately supervising, training, controlling, assigning, and disciplining County of San Bernardino Sheriff's department, and other County personal, including DOES 6 through 10, inclusive, who defendants County and DOES 6 though 10, each know or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the 27 intentional misconduct by defendants' deputies, and DOES 6 to 10, inclusive, who are County Police officers.

(d) By having and maintaining an unconstitutional custom and practice of arresting individuals without probable cause. The custom of practice of the County was done with a deliberate indifference to individuals' safety and rights.

37. By reason of the aforementioned policies and practices of defendants

38. Defendants County and DOES 1 though 5, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as sated 13 above defendants condoned, tolerated and through actions and inactions thereby ratified such as policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Connotational rights of the plaintiff Feridoon Aslani,

and other individual similarity situated.

39. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, defendants, and each of them, acted with an intentional, corrupt department, reckless and callous disregard for the health, safety, and welfare of plaintiff and his Connotational as well as human rights. Defendants and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities,

40. Furthermore, the policies, practices and customs implemented and maintained and still tolerated by defendants, County, and various officials and supervisory personal within these agencies were affirmatively linked to and were a significantly influential force behind the mental suffered by plaintiff Feridoon Aslani.

41. By reason of the aforementioned acts and omissions of defendants and each of them, plaintiff has suffered mental damage, in amount to be established at trial.

42. The aforementioned acts of all of defendants, and DOES 6 to 10, inclusive, was done by each individual defendant knowingly, intentionally, and maliciously for the purpose of harassment, oppression and inflicting mental injury upon plaintiff Feridoon Aslani, and in reckless disregard of plaintiff's safety, security and civil rights and by reason thereof, plaintiff claims exemplary and punitive mental damage from defendants deputies DOES 6 to 10, inclusive, according to proof at the trail.

43. By reason of the aforementioned acts of defendants and each of them, plaintiff was required to and did retain an attorney to institution and prosecute the the within action, and to render legal assistance to plaintiff, so that he might vindicate the losses and impairments of his constitutional rights; and by reason thereof, plaintiff requests payment by defendants of a reasonable sum as attorney's fees pursuant to _Title 42 U.S.C. 1988.

///

1  WHEREFORE, Plaintiff prays for judgment against defendants, and each
2  of them, jointly and severally as follows:

3  1-    For general damages according to proof;

4  2-    For special damage according to proof;

5  3-    Exemplary damages, but only against each of the individual
6  defendant.

7  4-    Reasonable attorney's fee and cost of suit pursuant to 42 U.S. C
   1988;

8  5-    Pre-judgment interest;

9  6-    For costs incurred herein, and for further relief as the Court may
   deem just and proper.

10

11

12

13

14  DATED: 08/03/2021                    F. _____

15                                        Feridoon Aslani

16

17

18

19

20

21

22

23

24

25

26

27

28