UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERIDOON ASLANI,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SAN BERNARDINO COUNTY, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:21-01333 ODW (ADS)<br><br>ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), Plaintiff's objections to the Report and Recommendation, and the record in this case. After engaging in a *de novo* review of those portions of the Report and Recommendation to which objections were made, the Court overrules Plaintiff's objections.

　　　　In his unsworn objections, Plaintiff explains for the first time why he failed to respond to Magistrate Judge Autumn D. Spaeth's prior orders and why he needs more time to file a First Amended Complaint.  First, Plaintiff explains that he has developed a

phobia after his arrest that makes it difficult for him to explain things in writing. Second, he explains that he has contracted a helicobacter pylori infection that causes him to lose focus and concentration. Third, Plaintiff explains he has had limited access to the self-help center in Riverside, California.

The Court is unpersuaded by Plaintiff's objections. Judge Spaeth gave Plaintiff three separate opportunities to file a First Amended Complaint over a span of nearly two months. (*See* Dkt. No. 6-7, 10.) Judge Spaeth warned Plaintiff each time that failure to comply with court orders may result in a recommendation that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Despite these opportunities and repeated admonitions, Plaintiff failed to file a First Amended Complaint and failed to explain why he needed more time to do so. Plaintiff may not disregard court orders then ask for leniency after it has been recommended that his case be dismissed for failure to prosecute and comply with court orders.

The Court acknowledges that this is not Plaintiff's first time failing to do so. In a strikingly similar case, the Court also issued a screening order dismissing his complaint for failure to state a claim for relief. *See Aslani v. San Bernardino Cnty.*, No. 5:19-02224 ODW (ADS) (C.D. Cal. Apr. 2, 2020). After failing to respond to the screening order, Judge Spaeth ordered Plaintiff to show cause why that case should not be dismissed for failure to prosecute or comply with court orders. Plaintiff had failed to respond, and the case was dismissed accordingly.

Here, Plaintiff's delayed responses and deficient responses has again interfered with the public's interest in the expeditious resolution of this case, has hindered the Court's ability to manage its docket, and has presumptively prejudiced the defendants. Plaintiff's *pro se* status does not excuse his failure to comply with court orders. *Ghazali*

*v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("pro se litigants are bound by the rules of procedure").

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation is accepted, (Dkt. No. 15);
2. This action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b); and
3. Judgment is to be entered accordingly.

DATED: February 7, 2022

THE HONORABLE OTIS D. WRIGHT, II
United States District Judge